IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| Scott W. Langdell,<br>    Plaintiff | |
| v. | COMPLAINT |
| Roger Marceaux, Sheriff<br>Of Lamoille County,<br>Vermont; and Four (4)<br>Unknown Lamoille County,<br>Vermont, Deputy Sheriffs,<br>In their individual and<br>Official Capacities,<br>    Defendants | Civil Action No.:<br><br>2:08-cv-161 |

I. JURISDICTION AND VENUE

1. This is a civil action authorized by 42 U.S.C. § 1983 to redress deprivation, under color of state law, rights secured by the Constitution of the United States. This Court has jurisdiction under 28 U.S.C. § 1331 & 1343 (a)(3).

2. The United States District Court for the District of Vermont is an appropriate venue under 28 U.S.C. § 1391 (b)(2) as the events giving rise to the claim occurred within this district.

3. Plaintiff was not incarcerated at the time of this incident and this complaint is not challenging prison conditions, therefore the Prison Litigation Reform Act of 1995, as amended, is not applicable pursuant to 18 U.S.C. § 3626(h).

## II. PLAINTIFF

4. Plaintiff, Scott W. Langdell, was at all times pertinent to this suit a citizen of the State of Vermont and said events giving rise to the claim occurred within Lamoille County, Vermont. Plaintiff is currently detained at the Northern State Correctional Facility located in Newport, Vermont for charges arising from these events. Plaintiff was not incarcerated at the time of the events giving rise to this complaint.

## III. DEFENDANTS

5. Defendant, Roger Marceaux is the duly elected sheriff of Lamoille County, Vermont. He is legally responsible for the overall operation of the Lamoille County, Vermont Sheriff's Department and each duly appointed deputy sheriff serving therein. Defendant Marceaux is responsible for the training and supervision of each duly appointed deputy sheriff and for the policies and procedures concerning the operation of the Department

6. Defendants Unknown Deputy Sheriffs 1-4 are duly appointed deputy sheriffs of Lamoille County , Vermont whose authority derives from the statutory authority vested in the Sheriff of Lamoille County, Vermont and Vermont statutes. It is anticipated that through discovery the names of each of the Unknown Deputy Sheriffs will be ascertained and at such time each will be identified and joined in this complaint.

## IV. FACTS

7. On or about April 9, 2008 defendants Unknown Deputy Sheriffs 1-4 contacted plaintiff while acting in their official capacities and under color of state law.

8. Defendants Unknown Deputy Sheriffs 1-4 arrested Plaintiff on a variety of state criminal charges.

9. During the arrest of plaintiff, defendants Unknown Deputy Sheriffs 1-4 used an electrical stun device, known as a Taser, to effect said arrest.

10. Plaintiff was not actively resisting arrest by defendants Unknown Deputy Sheriffs 1-4 and was not acting in an aggressive or threatening manner.

11. Defendants Unknown Deputy Sheriffs 1-4 conspired and submitted reports in an effort to justify the use of force against plaintiff.

12. Defendants Unknown Deputy Sheriffs 1-4 conspired and submitted affidavits in support of criminal charges against plaintiff that had no basis in fact or law to maliciously prosecute plaintiff.

13. On information and belief Defendant Marceaux failed to supervise and train defendants Unknown Deputy Sheriffs 1-4 in the proper performance of their lawful duties.

14. On information and belief Defendant Marceaux failed to adopt, enact and enforce meaningful policies and training in the use of electrical stun devices.

15. On information and belief Defendant Marceaux had full knowledge that the failure to supervise, train and adopt policies consistent with the laws of the state of Vermont and the Untied States and as such would deprive the citizens whom

his agents and employees contact would be deprived of rights secured to them under the Constitution of the United States.

16. Plaintiff has suffered physical and emotional harm as the result of the use of physical force against him by defendants.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

17. Plaintiff Langdell while currently detained, was not incarcerated at the time of the events giving rise to this complaint and is therefore not required to exhaust administrative remedies, as none exist for the nature of his complaint.

## VI. LEGAL CLAIMS

18. Plaintiff realleges and incorporates by reference paragraphs 1 – 14.

19. The excessive use of physical force violated plaintiff Langdell's rights and constituted a violation of plaintiff's right to be free from unlawful search and seizure under the Fourth Amendment of the United States Constitution.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment granting plaintiffs:

20. A declaration that the acts and omissions described herein violated plaintiff's rights under the Constitution and laws of the United States.

21. Compensatory damages in the amount of $10, 000,000 (ten million dollars) against each defendant, jointly and severally.

22. Punitive damages in the amount of $10, 000,000 (ten million dollars) against each defendant, jointly and severally.

23. A jury trial on all issues triable by jury.

24. Plaintiff's costs in this suit.

25. Any additional relief this Court deems just, proper and equitable.

Dated this 30 day of July 2008 at Newport, Vermont.

Respectfully submitted, *[signature]* 7/30/08

Scott W. Langdell,
Plaintiff pro se


VERIFICATION

I, Scott W. Langdell, have read the foregoing complaint and hereby verify that the matters alleged herein are true, except as to matters alleged on information and belief, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.


Executed at Newport, Vermont this 30 day of July 2008.

*[signature]*

Scott W. Langdell
Plaintiff, pro se
NSCF
2559 Glen Rd.
Newport, VT 05855