UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Scott Langdell,                    :
        Plaintiff,                 :
                                   :
        v.                         :    File No. 2:08-CV-161
                                   :
Roger Marcoux, Jr.,                :
Lamoille County Sheriff,           :
and Four Unknown Deputy            :
Sheriffs,                          :
        Defendants.                :

OPINION AND ORDER
(Paper 8)

*Pro se* plaintiff Scott Langdell brings this action claiming that the Lamoille County Deputy Sheriffs used excessive force while arresting him. Defendant Roger Marcoux[1] has moved to dismiss, arguing (1) that the Court should abstain from granting declaratory relief since a ruling in this case would interfere with an ongoing state criminal proceedings; (2) that Langdell has failed to state a claim of excessive force; (3) that any malicious prosecution claim is premature; and (4) that the Court should either dismiss or stay Langdell's claim for damages.

For the reasons set forth below, the Court construes the complaint as an excessive force claim seeking damages.

---

[1] Roger Marcoux is the only defendant to have been served, and is therefore the only movant. He submits, however, that his arguments have general application to all defendants. (Paper 8 at 4 n.5).

The Court does not read the complaint as bringing either a malicious prosecution claim or a valid claim for declaratory relief.  Given this reading, and to the extent that Marcoux's motion seeks dismissal of either Langdell's excessive force claim or his request for damages, the motion is DENIED.

Factual Background

For the limited purpose of ruling upon the Marcoux's motion to dismiss, the facts alleged in the complaint will be accepted as true.  Langdell claims that on April 9, 2008, he was arrested by four Lamoille County Deputy Sheriffs.  In the course of the arrest, the officers used "an electrical stun device, known as a Taser."  (Paper 5 at 3).  As a result, Langdell "suffered physical and emotional harm." Id. at 4.

Langdell alleges that the use of a Taser was excessive and unnecessary.  He claims that at the time of his arrest he "was not acting in an aggressive or threatening manner," and that he did not actively resist.  He also alleges that the four Deputy Sheriffs "conspired and submitted affidavits in an effort to justify the use of force against plaintiff." Id. at 3.  The Deputy Sheriffs in question have not yet been

2

named.

With respect to Lamoille County Sheriff Roger Marcoux, Langdell claims that "Marcoux failed to supervise and train defendants Unknown Deputy Sheriffs 1-4 in the proper performance of their lawful duties." Id. He further alleges that Marcoux "failed to adopt, enact and enforce meaningful policies and training in the use of electrical stun devices," and had full knowledge that both his training and policies were deficient. Id. at 3-4.

For relief, Langdell seeks a declaration that the police acted unlawfully, as well as compensatory and punitive damages.

## Discussion

I. Motion to Dismiss Standard

The defendants bring their motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The standards for dismissal under these rules are "substantively identical." Lerner v. Fleet Bank, N.A., 318 F.3d 113, 128 (2d Cir. 2003). Under both rules, the Court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Although a

complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corporation v. Twombly, 127 S. Ct. 1955, 1965 (2007). Because Langdell is proceeding *pro se,* the Court must construe his pleadings liberally, and read them "to raise the strongest arguments they suggest." Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001).

One difference between the Rule 12(b)(1) and Rule 12(b)(6) standards is that under Rule 12(b)(6) the burden of proof is on the defendant, while Rule 12(b)(1) places the burden on the party seeking to invoke subject matter jurisdiction. See Thompson v. County of Franklin, 15 F.3d 245, 248 (2d Cir. 1994). Application of burdens in this case is complicated by the fact that Langdell has not opposed Marcoux's motion. Nonetheless, if a complaint is sufficient to state a claim upon which relief may be granted, the plaintiff's failure to respond to a Rule 12 motion does not warrant dismissal. McCall v. Pataki, 232 F.3d 321, 322 (2d Cir. 2000); see also Maggette v. Dalsheim,

4

709 F.2d 800, 802 (2d Cir. 1983).

II.  Construing the Complaint

Before the Court rules upon the pending motion, it must first determine what claims are being raised in the complaint.  The most obvious claim is that of excessive force, which is described in the "Facts" section and reiterated under "Legal Claims."  (Paper 5 at 3-4).  The complaint also makes reference to malicious prosecution, but the allegations relative to that claim are only discussed in the "Facts" section.  Under "Legal Claims," Langdell specifically charges the defendants with "the excessive use of physical force," and incorporates his other allegations by reference.  Id. at 4.  Consequently, it is not clear whether he is bringing a cause of action for malicious prosecution.

Reading the complaint in its entirety, it seems that Langdell is only raising a constitutional claim for excessive force.  The first paragraph describes the suit as "a civil action authorized by 42 U.S.C. § 1983 to redress deprivation, under color of state law, [of] rights secured by the Constitution of the United States."  Malicious prosecution is a state law claim, and would not be brought

5

pursuant to § 1983.  Moreover, a malicious prosecution claim requires that the underlying case be resolved in the claimant's favor.  <u>Fay v. Van Ells</u>, 134 Vt. 536, 541 (1976).  Here, it appears from the complaint that Langdell's criminal proceeding is ongoing, as he is currently "detained" on criminal "charges."  (Paper 5 at 2).  Consequently, as Marcoux notes in his motion, any claim of malicious prosecution would be premature.  The Court therefore construes the complaint as bringing a single constitutional claim of excessive force.[2]

The second matter for interpretation is whether Langdell is seeking legitimate declaratory relief, or whether his complaint is solely a claim for damages.  The prayer for relief seeks, in addition to damages, "[a] declaration that the acts and omissions described herein violated plaintiff's rights under the Constitution and law of the United States."  <u>Id.</u> at 4.  The Court reads this as nothing more than a request for a declaration of liability.  Indeed, a claim for declaratory relief cannot rely upon past

---

[2]  Related to this claim, of course, is Langdell's allegation that defendant Marcoux failed to adequately train and/or supervise his deputies, and that Marcoux is responsible for Department policies pertaining to the use of electrical stun devices.

injury alone, and Langdell's claim are premised upon a single series of events that took place in 2008. See, e.g., McCormick v. School District of Mamaroneck, 370 F.3d 275, 284 (2d Cir. 2004); see also City of Los Angeles v. Lyons, 461 U.S. 95, 105-06 (1983). Therefore, the only legitimate relief being sought in the complaint is damages.

III.  Abstention

Construing the complaint as a constitutional claim for damages, the Court now turns to Marcoux's arguments for dismissal. Marcoux first argues for abstention, contending that the complaint asks "the Court to invalidate pending state criminal charges. Plaintiff's claim offends principles of federalism and comity, so this Court should abstain from adjudicating it." (Paper 8 at 6). This argument specifically addresses a claim for declaratory relief. Because the Court is reading the complaint as seeking only damages, Marcoux's attack on the declaratory judgment aspect of the complaint need not be addressed.

In a related argument, Marcoux argues that Langdell's claim for damages must be stayed or dismissed without prejudice while the criminal prosecution is proceeding in state court. In support of this argument, he cites Wallace

v. Kato, 127 S. Ct. 1091, 1098 (2007) for the proposition that the district court has the power to stay a civil action when the plaintiff files a claim that is "related to rulings that will likely be made in a pending or anticipated criminal trial." Here, however, it is not clear whether Langdell's excessive force claim will have any impact on his state court case, since the degree of force used by the arresting officers may not bear any relationship to the underlying charge.

Langdell does not specify the reason for his arrest, and the defendants have not identified the charges underlying his criminal prosecution. Unless he has been charged with resisting arrest or some other offense to which the amount of force used by the police might be relevant, Langdell's claim may be entirely unrelated to his state court proceeding. See, e.g., Scheuerman v. City of Huntsville, Al., 373 F. Supp. 2d 1251, 1256 (N.D. Ala. 2005) (no need to abstain where excessive force claim had "no bearing on the state criminal proceeding); Holten v. Klink, 2002 WL 32128773, at *2 (N.D. Ill. July 8, 2002) ("the court does not see why the [excessive force claim] . . . should play any role in the state courts' consideration of

[plaintiff's] criminal proceedings."). As the factual record currently before the Court is minimal, there has been no showing that litigation on the excessive force claim will have any impact on Langdell's criminal case.

Elsewhere in his motion to dismiss, Marcoux relies upon principles set forth in Younger v. Harris, 401 U.S. 37, 41 (1971). Younger "generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." Diamond "D" Construction Corp. v. McGowan, 282 F.3d 191, 198 (2d Cir. 2002). As noted by the Second Circuit, "[t]he Supreme Court has declined to reach the issue whether Younger applies to claims for money damages, but has noted that even if it does, the federal suit should be stayed, rather than dismissed . . . ." Kirschner v. Klemons, 225 F.3d 227, 238 (2d Cir. 2000).

If Younger principles do apply in this case, Langdell's claims do not provide grounds for a stay. Younger applies when "(1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal

constitutional claims." Diamond "D" Contruction Corp., 282 F.3d at 198. Applying these factors here, the question becomes whether Langdell can raise his excessive force claim in the state criminal proceeding. As noted above, the amount of force used during the arrest may not have any bearing on the underlying charges. Accordingly, as in the Sheuerman case, "[i]t is not at all clear to the court how [the plaintiff] can raise his constitutional claims concerning defendant['s] use of force, which occurred *after* the [the crime] alleged in the state indictment, as a defense in his criminal trial." 373 F. Supp. 2d at 1256.

Marcoux also makes reference to Heck v. Humphrey, 512 U.S. 477 (1994), in which the Supreme Court sought to prevent federal courts from making rulings that would "necessarily" undermine a conviction. 512 U.S. at 487 n.7. Again, the facts before the Court do not show that Langell's excessive force claim would involve any such rulings. See, e.g., Jackson v. Suffolk County Homicide Bureau, 135 F.3d 254, 257 (2d Cir. 1998) (reversing district court's dismissal of excessive force claim on Heck grounds "because a claim for use of excessive force lacks the requisite relationship to the conviction"); Jeanty v. County of

10

Orange, 379 F. Supp. 2d 533, 543 (S.D.N.Y. 2005) (a "judgment in favor of plaintiff on his § 1983 [excessive force] action would not establish the invalidity of his conviction for Assault in the Third Degree" under Heck); Sales v. Barizone, 2004 WL 2781752, at *13-14 (S.D.N.Y. Dec. 2, 2004) ("[I]t is well established tha[t] an excessive force claim does not usually bear the requisite relationship under Heck to mandate its dismissal.") (internal quotations and citations omitted).

With additional factual submissions, the defendants may be able to show that the "*facts* necessarily found by the jury deciding plaintiff's criminal case, should the case go to trial, will control the factfinding in plaintiff's civil case," and that some form of relief is appropriate. Murray v. N.Y.P.D. 25th Precinct, 2004 WL 764708, at *2-*3 (S.D.N.Y. Apr. 9, 2004) (emphasis in original). Based upon the current record, however, Marcoux's motion to either a stay or dismiss the complaint is DENIED.

IV. Failure to State a Claim

Marcoux next moves to dismiss under Rule 12(b)(6), arguing that the complaint fails to state a claim. The complaint alleges that the unnamed Deputy Sheriffs used a

11

Taser to effect Langdell's arrest. Because Langdell was not resisting arrest or acting in an aggressive manner, the complaint charges that use of a Taser was excessive. Also, as a result of the force used, Langdell allegedly suffered physical and emotional harm.

The motion to dismiss contends that the facts alleged are insufficient. Specifically, Marcoux faults Langdell for failing to explain "what a <u>single</u> Deputy <u>did</u>, what <u>force</u> was <u>used</u>, how the use of force <u>impacted</u> Plaintiff, or how Plaintiff was <u>injured</u> from the alleged use of 'excessive force.'" (Paper 8 at 12) (emphasis in original). He also asserts that the complaint must allege how Langdell was arrested, why he was arrested, and what his behavior was during the arrest. Id. at 14.

As noted above, a complaint prepared by a *pro se* plaintiff should be construed liberally, and must be held to a less stringent standard than a pleading drafted by lawyers. See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Under Fed. R. Civ. P. 8(a)(2), the plaintiff is only required to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the

statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson, 127 S. Ct. at 2200 (quoting Twombly, 127 S. Ct. 1955, 1964 (2007)).

The complaint in this case meets the pleading requirement of Rule 8. The defendants are clearly on notice that their conduct on a specific date is alleged to have been excessively forceful. The type of force is described as the use of a Taser during an arrest, and the facts underlying the claim are that the plaintiff was not resisting arrest or acting in an otherwise aggressive manner.

Marcoux argues that the complaint must allege each defendant's specific involvement. Such a detailed allegation would be quite difficult, however, given that Langdell does not know the names of the officers involved. Assuming that such specific pleading is required, limited discovery should allow Langdell a chance to remedy this alleged shortcoming.

To the extent that Marcoux seeks to characterize the allegations in the complaint as merely conclusory, the Court is not convinced. Rather than simply stating a legal

conclusion, Langdell offers a factual basis for his claim and offers the defendants fair notice of the allegations against which they must defend.  Based upon these facts, the reader of the complaint can reasonably conclude that Langdell's excessive force claim is "plausible."  <u>Iqbal v. Hasty</u>, 490 F.3d 143, 157-58 (2d Cir. 2007).  Marcoux's motion to dismiss for failure to state a claim is, therefore, DENIED.

<u>Conclusion</u>

For the reasons set forth above, the defendants' motion to dismiss (Paper 8) is DENIED.

Dated at Burlington, in the District of Vermont, this 30th day of March, 2009.

>                     <u>/s/ William K. Sessions III</u>
>                     William K. Sessions III
>                     Chief Judge, U.S. District Court