UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Scott Langdell,             :
        Plaintiff,           :
                             :
        v.                   :      File No. 2:08-CV-161
                             :
Roger Marcoux, Jr.,          :
Lamoille County Sheriff,     :
and Four Unknown Deputy      :
Sheriffs,                    :
        Defendants.          :

OPINION AND ORDER
(Paper 12)

*Pro se* plaintiff Scott Langdell brings this action
claiming that four unknown Lamoille County Deputy Sheriffs
used excessive force while arresting him.  Sheriff Roger
Marcoux[1] has moved to dismiss, arguing that the Court should
abstain from hearing Langdell's claims because of a related
state criminal proceeding, and that Langdell has failed to
state a claim of supervisory liability.  For the reasons set
forth below, the motion to dismiss is GRANTED with leave to
amend, and Langdell is ORDERED to show cause why the
arresting officers have not yet been added to the case and
served.

Factual Background

The facts alleged in the complaint were summarized in a

_____

        [1]  Roger Marcoux is the only defendant to have been
served, and is therefore the only movant.

previous order of the Court (Paper 11), and are largely repeated herein. Langdell claims that on April 9, 2008, he was arrested by four Lamoille County Deputy Sheriffs. In the course of the arrest, the officers used "an electrical stun device, known as a Taser." (Paper 5 at 3). As a result, Langdell "suffered physical and emotional harm." Id. at 4.

Langdell alleges that the use of a Taser was excessive and unnecessary. He claims that at the time of his arrest he "was not acting in an aggressive or threatening manner," and that he did not actively resist. He also alleges that the four Deputy Sheriffs "conspired and submitted affidavits in an effort to justify the use of force against plaintiff." Id. at 3. The Deputy Sheriffs in question are not named in the complaint, but are identified by name in one of Langdell's more recent filings. (Paper 15 at 2).

With respect to Lamoille County Sheriff Roger Marcoux, Langdell claims that "Marcoux failed to supervise and train defendants Unknown Deputy Sheriffs 1-4 in the proper performance of their lawful duties." (Paper 5 at 3). He further alleges that Marcoux "failed to adopt, enact and enforce meaningful policies and training in the use of

electrical stun devices." <u>Id.</u> at 3-4.  Langdell does not
allege that Marcoux was directly involved in the Tasing
incident.

<u>Procedural Background</u>

The motion before the Court is Marcoux's second motion
to dismiss.  His first motion argued for abstention or, in
the alternative, dismissal for failure to state an excessive
force claim.  The Court denied the motion, concluding that
the record did not support abstention, and that Langdell had
offered sufficient facts for a plausible claim of excessive
force.

Marcoux's current motion offers additional facts in
support of his abstention argument.  In his most recent
filing, however, Marcoux indicates his intention to withdraw
his abstention argument "since Plaintiff was recently
convicted of the crimes underlying this civil action."
(Paper 16 at 1).  Marcoux also argues for dismissal for
failure to state a claim of supervisor liability.

<u>Discussion</u>

I.  <u>Motion to Dismiss Standard</u>

Marcoux brings his motion to dismiss under Federal
Rules of Civil Procedure 12(b)(1) and 12(b)(6).  The

standards for dismissal under these rules are "substantively identical." <u>Lerner v. Fleet Bank, N.A.</u>, 318 F.3d 113, 128 (2d Cir. 2003). Under both rules, the Court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atlantic Corporation v. Twombly</u>, 127 S. Ct. 1955, 1965 (2007). Because Langdell is proceeding *pro se,* the Court has construed his pleadings liberally, and reads them "to raise the strongest arguments they suggest." <u>Green v. United States</u>, 260 F.3d 78, 83 (2d Cir. 2001).

II.  <u>Abstention</u>

Until recently, Langdell disputed that there were any pending charges related to his arrest. (Paper 9); (Paper 15 at 2). On September 9, 2009, however, he informed the Court that he had filed a *nolo contendere* plea to a charge of resisting arrest. (Paper 15 at 5). He also communicated

his understanding that the plea was not an admission of guilt. Id. Marcoux has responded as follows:

> Plaintiff was convicted, so Defendant is prepared to withdraw his abstention argument. However, Plaintiff should know that if it proves necessary, Defendant intends to use Plaintiff's conviction(s) in this proceeding in every way appropriate. Defendant believes his abstention argument is moot, but not if Plaintiff attempts to withdraw his plea, as Plaintiff indicates he might. Plaintiff alone was responsible for entering his plea, and Plaintiff alone can attempt to withdraw it, so Defendant respectfully avers that the onus is on Plaintiff to clarify his intentions. More specifically, if Plaintiff informs the Court within 10 days he does not intend to ask to withdraw his criminal plea, Defendant respectfully withdraws his abstention arguments. Otherwise . . . abstention remains appropriate.

(Paper 16 at 3-4).

Marcoux submitted this response to the Court on September 16, 2009. Ten business days have since passed, and Langdell has not sent the requested clarification. Nonetheless, the Court does not agree that the "onus is on Plaintiff to clarify his intentions." Id. If the charges have been resolved, as it appears they have, abstention is not appropriate. See Younger v. Harris, 401 U.S. 37, 41 (1971); Diamond "D" Construction Corp. v. McGowan, 282 F.3d 191, 198 (2d Cir. 2002). If Langdell withdraws his plea, the Court will entertain further arguments in this point if

necessary.  For now, however, in the absence of "ongoing

state proceedings," the Court sees no basis for abstaining.

McGowan, 282 F.3d at 198.

III.  Supervisor Liability

    The Court denied Marcoux's first motion to dismiss, in

which he argued that Langdell's allegations failed to

support an excessive force claim.  Marcoux's current motion

brings a new, and stronger, argument: that the facts in the

complaint fall short of alleging a plausible claim of

supervisory liability.

    Langdell brings his claims under 42 U.S.C. § 1983.  In

§ 1983 litigation, the doctrine of *respondeat superior* is

inapplicable.  Hernandez v. Keane, 341 F.3d 137, 144 (2d

Cir. 2003) (supervisor liability under § 1983 cannot rest

upon *respondeat superior*).  Indeed, it is well-settled that

"personal involvement of defendants in alleged

constitutional deprivations is a prerequisite to an award of

damages under § 1983."  McKinnon v. Patterson, 568 F.2d 930,

934 (2d Cir. 1977); see Ashcroft v. Iqbal, 129 S. Ct. 1937,

1948 (2009) ("Because vicarious liability is inapplicable to

Bivens and § 1983 suits, a plaintiff must plead that each

Government-official defendant, through the official's own

individual actions, has violated the Constitution."). A complaint based on a violation under Section 1983 that does not allege the personal involvement of the defendant is "fatally defective on its face." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 886 (2d Cir. 1987) (internal quotations and citations omitted); see Pettus v. Morgenthau, 554 F.3d 293, 300 (2d Cir. 2009) ("To the extent that [a] complaint attempts to assert a failure-to-supervise claim . . . [that claim is insufficient where] it lacks any hint that [the supervisor] acted with deliberate indifference to the possibility that his subordinates would violate [plaintiff's] constitutional rights.").

Marcoux is being sued because his deputies committed allegedly unconstitutional acts. Specifically, the complaint alleges that Marcoux "is legally responsible for the overall operation of the Lamoille County, Vermont Sheriff's Department and each duly appointed deputy sheriff serving therein. Defendant Marceaux [sic] is responsible for the training and supervision of each duly appointed deputy sheriff and for the policies and procedures concerning the operation of the Department." (Paper 5 at 2). As noted above, the complaint also accuses Marcoux of

failing to adopt "meaningful policies" with respect to the use of electrical stun devices.

When a supervisory defendant is being sued for damages under § 1983, a mere "linkage" to unlawful conduct is insufficient.  See Bass v. Jackson, 790 F.2d 260, 263 (2d Cir. 1986).  Rather, supervisory personnel may be considered "personally involved" only if they (1) directly participated in the violation, (2) failed to remedy that violation after learning of it through a report or appeal, (3) created, or allowed to continue, a policy or custom under which the violation occurred, (4) were grossly negligent in managing subordinates who caused the violation, or (5) exhibited deliberate indifference to the rights of the plaintiff by failing to act on information indicating that the violation was occurring.  Hernandez, 341 F.3d at 144; Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995).

Here, there is no allegation that Marcoux was present at Landgell's arrest, or that he was even aware of Langdell's alleged mistreatment prior to this lawsuit. Nor is there any indication that Marcoux was grossly negligent in managing his subordinates.  See Curley v. AMR Corp, 153 F.3d 5, 13 (2d Cir. 1998) (quoting AT&T Co. v.

City of New York, 83 F.3d 549, 556 (2d Cir. 1996) (stating
that gross negligence is conduct that "evinces a reckless
disregard for the rights of others or smacks of intentional
wrongdoing").  At most, Marcoux is accused of failing to
properly train his deputies, through implementation of
department policies, so that they would not make excessive
use of electrical stun devices.

Langdell also alleges that the deputies falsified their
reports in an effort to hide their unlawful acts.  As
Marcoux properly argues, these allegations run counter to a
claim of supervisory liability.  Instead, they suggest that
the deputies knew their conduct was wrong, and took action
to hide it from anyone, including supervisors, who might
review their actions in the future.

Rather than linking Marcoux to the Tasing directly,
Langdell offers speculation about training and policies,
thus echoing the legal standard for supervisor liability.
"Vague and conclusory allegations that a supervisor has
failed to train or properly monitor the actions of
subordinate employees will not suffice to establish the
requisite personal involvement and support a finding of
liability."  Cicio v. Graham, 2009 WL 537534, at *7

(N.D.N.Y. March 3, 2009) (citing Pettus, 554 F.3d at 300).
Furthermore, as the Supreme Court held in Twombly, "a
formulaic recitation" of the legal standard "will not do."
550 U.S. at 555.

That Langell is essentially making a *respondeat
superior* claim is clear from his response to Marcoux's
second motion to dismiss, in which he writes: "Deputies are
trained and sworn under the supervision of Sheriff Marcoux.
Which therefore by law makes him liable and or [sic]
responsible for the conduct and actions of his officers."
(Paper 15 at 8).  In the following sentence, Langdell
suggests that perhaps he is not bringing his claim against
Marcoux individually, but rather in his official capacity as
Sheriff: "It makes no difference whether or not he was
present at the scene for the claims is against the Sheriff's
Dept. not the Sheriff alone."  Id.

In sum, the complaint does not allege sufficient facts
to support a claim of supervisor liability on the part of
Sheriff Marcoux.  Furthermore, Langdell may only be bringing
an official capacity claim against the Sheriff and his
department.  The motion to dismiss Marcoux in his individual
capacity is therefore GRANTED, and the Court will now turn

10

to Langdell's official capacity claim.

IV. <u>Official Capacity Liability</u>

Marcoux argues that Langdell's official capacity claim is barred by the Eleventh Amendment. As discussed below, the Second Circuit appears to have endorsed Eleventh Amendment immunity for Vermont Sheriffs. Even if Eleventh Amendment immunity does not apply, however, principles of § 1983 municipal liability dictate that dismissal of Langdell's official capacity claim is appropriate.

A. Eleventh Amendment

The Eleventh Amendment of the United States Constitution prohibits suits brought in federal court by citizens against a state and its agencies, absent a waiver of immunity and consent to suit by the state or a valid abrogation of constitutional immunity by Congress. <u>See</u>, <u>e.g.</u>, <u>Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.</u>, 506 U.S. 139, 142-47 (1993); <u>Pennhurst State Sch. and Hosp. v. Halderman</u>, 465 U.S. 89, 97-100 (1984). The Eleventh Amendment also bars claims for damages brought against state employees sued in their official capacities. <u>See</u> <u>Hafer v. Melo</u>, 502 U.S. 21, 25 (1991); <u>Pennhurst</u>, 465 U.S. at 102. Relevant to this case, there has been no

waiver of the State's sovereign immunity and no abrogation
of that immunity by Congress.  In fact, the Vermont
legislature has specifically preserved the State's immunity
under the Eleventh Amendment.  See 12 V.S.A. § 5601(g).

In Huminski v. Corsones, the Second Circuit considered
whether a Vermont Deputy Sheriff acting in his official
capacity is a state official entitled to sovereign immunity,
or whether the position is local in nature.  396 F.3d 53,
70-74 (2d Cir. 2005).  The court stated that the test for
"[w]hether a defendant is a state or local official depends
on whether the defendant represented a state or a local
government entity when engaged in the events at issue."  Id.
at 70 (citing McMillian v. Monroe County, 520 U.S. 781,
785-86 (1997)).

The Huminski court reviewed the applicable state
statutes and found that a Sheriff in Vermont has powers that
extend statewide, may utilize all state services available
to the towns within his or her county, and is accountable to
the State for the department's finances.  Id. at 71-72
(citations omitted).  Based upon this review, and
identifying as the "most important factor in this inquiry:
[the fact that the Sheriff] has authority to investigate the

State of Vermont's criminal law," the Second Circuit found that the defendant was "likely a state official when he was performing his general duties for the sheriff's department . . . ." Id. at 73.

The complaint alleges that Langdell was arrested on various state criminal charges. Given the Huminski reasoning, enforcement of state laws by the Sheriff's Department is protected from suit in federal court. The Court will therefore apply the Eleventh Amendment, and all damages claims brought against Sheriff Marcoux in his official capacity are DISMISSED.

B. Official Capacity – Municipal Liability

Assuming, for the sake of argument, that Eleventh Amendment immunity does not apply, Langdell's claim against Marcoux in his official capacity would instead be barred as a matter of municipal law. Indeed, any claim against Marcoux in his official capacity, if not protected by the State of Vermont's Eleventh Amendment immunity, would be treated as a claim against the county that employed him. See Monell v. Department of Social Servs. of City of New York, 436 U.S. 658, 690-91 (1978) (holding that "official-capacity suits generally represent only another

way of pleading an action against an entity of which an officer is an agent"); Mathies v. Fries, 121 F.3d 808, 818 (2d Cir. 1997) ("A claim against a government officer in his official capacity is, and should be treated as, a claim against the entity that employs the officer.") (citing Kentucky v. Graham, 473 U.S. 159, 165-66 (1985)); Riley v. Town of Bethlehem, 44 F. Supp. 2d 451, 465 (N.D.N.Y. 1999) ("It is apodictic that claims against an individual in his official capacity are to be treated as claims against the municipality.").

It is well established that municipalities and other local governments cannot be held liable under § 1983 for the actions of their employees under a *respondeat superior* theory. Bd. of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 403 (1997). Furthermore, such entities will only be liable if the challenged action was performed pursuant to a policy or custom that caused the plaintiff's injury. Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); Gottlieb v. County of Orange, 84 F.3d 511, 518 (2d Cir. 1996) Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995). A single incident involving an employee below the policy-making level is insufficient to support an

inference of a municipal custom or policy, <u>Vann v. City of New York</u>, 72 F.3d 1040, 1050 (2d Cir. 1995) (citing <u>Oklahoma City v. Tuttle</u>, 471 U.S. 808, 823-24 (1985)), absent factual allegations "tending to support, at least circumstantially, such an inference." <u>Zahra</u>, 48 F.3d at 685. "In particular, a complaint alleging that a municipality was 'deliberately indifferent' to the need to train, monitor, or supervise an officer, but not alleging any facts beyond the specific instance giving rise to the complaint, generally fails to adequately to [sic] plead a custom or policy on the part of the municipality." <u>Brewster v. Nassau County</u>, 349 F. Supp. 2d 540, 549 (E.D.N.Y. 2004) (<u>citing</u> <u>Dwares v. City of New York</u>, 985 F.2d 94, 101 (2d Cir. 1993); <u>Sarus v. Rotundo</u>, 831 F.2d 397, 402 (2d Cir. 1987)).

In this case, Langdell does not contend that any of the alleged constitutional deprivations were caused by, or occurred pursuant to, an official custom or policy of Lamoille County or its Sheriff's Department. He makes no allegation of "a recurring pattern," or that actions by the officers in question had been "the subject of complaints." <u>Brewster</u>, 349 F. Supp. 2d at 549. Instead, Langdell submits only that Marcoux "is responsible for [the deputies']

conduct." (Paper 15 at 7).

Because Langdell has failed to allege facts that would establish municipal liability, and accepting that either the Eleventh Amendment or municipal law is applicable here, the motion to dismiss his official capacity claims against Sheriff Marcoux is GRANTED.

V.    Leave To Amend

The Second Circuit has directed that "when addressing a *pro se* complaint, a district 'court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002) (quoting Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991)). While Langdell has failed to properly allege supervisory liability as to Sheriff Marcoux, the Court cannot "rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 796 (2d Cir. 1999). Accordingly, it is hereby ORDERED that Langdell may file an amended complaint within 30 days of the date of this Opinion and Order. See Mobley v. O'Gara, 2006 WL 197185, at *8-9 (E.D.N.Y. Jan. 23, 2006) (noting "Second

Circuit's admonition against dismissing claims against supervisors at [an] early stage in the litigation"); <u>Powers v. Gipson</u>, 2004 WL 2123490, at *2 (S.D.N.Y. Sept. 14, 2004) (permitting plaintiff to file an amended complaint to plead, *inter alia*, personal involvement where plaintiff had failed to allege "any basis for [supervisors'] liability"). Failure to file a timely amended complaint will result in the dismissal of all claims against Sheriff Marcoux with prejudice.

VI.   <u>Unknown Defendants</u>

If the claims against Sheriff Marcoux are ultimately dismissed, the only remaining defendants will be the four "Unknown Deputy Sheriffs." (Paper 5 at 2). Although this case commenced in August 2008, the deputies have not been named or served. While the Court would ordinarily assume that service has not been accomplished because Langdell has not yet discovered these defendants' names, such is not the case. In a document filed on September 9, 2009, but dated May 15, 2009, Langdell named two of the deputies. (Paper 15 at 2). He does not explain how he came to know their names, stating only that he can "positively identify two of the four" deputies.

Furthermore, the names of the officers involved in the arrest were disclosed by the defendants in a filing on April 13, 2009.  The filing included an affidavit by Deputy Sheriff Blaine Delisle, in which Delisle states that he was assisted on the night of the arrest by "2 State Troopers, 2 Morristown Officers, and Sgt Audet of Lamoille Sheriffs Department." (Paper 12-2 at 4).  Accordingly, it appears that not only was Langdell informed of the names of the two deputies involved (Delisle and Audet), but that was likely mistaken when he sued four unnamed deputies.

In any event, Langdell has not fulfilled his obligations with regard to service of the now-known defendants.  Because Langdell is proceeding *in forma pauperis*, service of process is the responsibility of the U.S. Marshals Service.  Fed. R. Civ. P. 4(m).  Nonetheless, it is Langdell's responsibility "to provide [the Marshals with] the necessary information to name or identify the defendant and to serve him." <u>Carpio v. Luther</u>, 2009 WL 605300, at *1 (W.D.N.Y. Mar. 9, 2009); <u>Murray v. Pataki</u>, 2009 WL 981217, at *6 n.16 (N.D.N.Y. Apr. 9, 2009) ("the ultimate responsibility to provide correct information concerning [the defendant's] identity and whereabouts rests

squarely on Plaintiff's shoulders"); <u>Jermosen v. Smith</u>, 1989 WL 153810, at *1 (W.D.N.Y. Dec. 7, 1989) ("The Court is cognizant of its duty to effect service when a plaintiff has been granted *in forma pauperis* status but opines that the responsibility to provide correct information concerning a defendant's whereabouts rests squarely on the shoulders of a plaintiff.").

Langdell has known the identity of the previously-unknown Lamoille County Deputy Sheriffs since, at the latest, April 13, 2009. Six months have passed since that time, and Langdell has failed to either amend his complaint or provide the defendants' names to the Marshals. The Court has now ruled that the claims against the one named defendant, Sheriff Marcoux, may be ripe for dismissal. The next question before the Court is whether the case should proceed against the un-named, un-served defendants.

Rule 4(m) of the Federal Rules of Civil Procedure requires that a defendant be served within 120 days after the complaint is filed. Failure to comply with the 120-day deadline will generally result in dismissal of the un-served defendant unless the plaintiff can show "good cause for the failure." Fed. R. Civ. P. 4(m). If the Court assumes that

Langdell had "good cause" for not serving the un-named defendants through April 13, 2009, it is not clear why service was not accomplished within 120 days of that date.

Accordingly, it is hereby ORDERED that Langdell shall submit to the Court within 30 days of date of this Opinion and Order (1) an amended complaint naming the now-known deputies, and (2) a motion for extension of the 120-day service deadline, in which he must show "good cause" why these previously un-named defendants were not served sooner. Failure to file such a motion and show "good cause" may result in the dismissal of these defendants. <u>See</u>, <u>e.g.</u>, <u>VanDiver v. Martin</u>, 304 F. Supp. 2d 934, 941-42 (E.D. Mich. 2004) (dismissing action pursuant to Rule 4(m) where plaintiff failed to provide the U.S. Marshals Service with updated information on the defendants and failed to respond after receiving notification that the summonses were returned unexecuted); <u>Gowan v. Teamsters Union (237)</u>, 170 F.R.D. 356 (S.D.N.Y. 1997) (dismissing action pursuant to Rule 4(m) for failure to effect service where the plaintiff gave the U.S. Marshals Service only out-dated information).

<u>Conclusion</u>

For the reasons set forth above, the defendants' motion

to dismiss (Paper 12) is GRANTED.  Langdell may amend his claims against defendant Marcoux within 30 days of the date of this Opinion and Order.  Failure to do so will result in the dismissal of all claims against Marcoux with prejudice.

Is it further ORDERED that Langdell shall, within 30 days of date of this Opinion and Order, (1) file an amended complaint identifying by name those members of the Lamoille County Sheriffs Department who were involved in his arrest, and (2) a motion for extension of the 120-day service deadline, in which he must show "good cause" why these previously un-named defendants were not served sooner. Failure to file such a motion and show "good cause" may result in the dismissal of these defendants.

Dated at Burlington, in the District of Vermont, this 13th day of October, 2009.


/s/ William K. Sessions III
William K. Sessions III
Chief Judge, U.S. District Court